**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAOQIONG CHEN, | No. 08-72415 |
| Petitioner, | Agency No. A098-467-413 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Daoqiong Chen, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order summarily affirming an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). We deny the petition for review.

Chen does not contest the IJ's finding that he failed to establish past persecution. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived). Substantial evidence supports the IJ's finding that Chen failed to establish a well-founded fear of future persecution because Chen did not demonstrate that, even if he were to be questioned by the police, he would suffer harm that rises to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1020-22 (9th Cir. 2006). Accordingly, Chen's asylum claim fails.

Because Chen failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the IJ's denial of CAT relief because Chen failed to establish it is more likely than not he will be tortured if returned to China. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

08-72415